UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK E. ZIMMERMAN III,

      Plaintiff,

vs.                                                                      Case No.

LINCOLN NATIONAL LIFE
INSURANCE COMPANY,                                   HON.

      Defendant.

_____

Troy W. Haney (P48614)
Haney Law Office, P.C.
Attorney for Plaintiff
330 East Fulton Street
Grand Rapids, MI 49503
Telephone:   616-235-2300
Facsimile:   616-459-0137
Email:          thaney@troyhaneylaw.com

_____

## **COMPLAINT**

Plaintiff, Frank E. Zimmerman III, by his attorney, Troy W. Haney of Haney Law Office, P.C., and for his complaint against Defendant, Lincoln National Life Insurance Company, states as follows:

### **Nature of Action and Jurisdiction**

1. This is a civil complaint brought by Plaintiff, Frank E. Zimmerman III ("Plaintiff"), under the Employee Retirement Income Security Act ("ERISA"), §502, 29 U.S.C. 1132, regarding breach of the terms of an employee benefit plan and breach of fiduciary duties, for the purpose of compelling Defendant, Lincoln National Life Insurance Company, "Lincoln", to provide certain disability insurance benefits in amounts and at the coverage

levels promised and for an accounting, recovery of damages, costs, and attorney fees incurred as a consequence of Defendant's breaches of its obligations and duties under ERISA as detailed herein.

2. This Court has subject jurisdiction over Plaintiff's claims pursuant to ERISA §502(e) and (f), 29 U.S.C. 1132(e) and (f) and 28 U.S.C. 1331.

3. Venue properly lies in this District pursuant to ERISA §502(e)(2), 29 U.S.C. 1132(e)(2).

## Parties and General Allegations

4. At all relevant times, Plaintiff was a participant, as defined by ERISA §3(7), 29 U.S.C. 1002(7), in the Commercial Tool Group Health and Welfare Plan ("the Plan") provided by Plaintiff's employer, CG Automation & Fixture Inc. ("CG Automation"), a participating employer under the policy, and provided to CG Automation's eligible employees, including Plaintiff. The Plan is administered and funded by an insurance policy issued by Defendant to Commercial Tool & Die, Inc. for group disability benefits as group policy no. 000010080332.

5. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA §3(1), 29 U.S.C. 1002(1), sponsored by Commercial Tool & Die, Inc. and funded by the above-referenced insurance policy issued by Defendant. As such, Lincoln is the proper party to defend this matter and the sole entity responsible for the payment of claimed benefits set forth below.

6. At all relevant times, Defendant was the fiduciary of the Plan within the meaning of ERISA §3(21), 29 U.S.C. 1002(21), in that Defendant acted as a claims administrator and as a fiduciary for the Plan and exercised authority and control over the payment of long term disability "LTD" benefits, which are assets of the Plan. Pursuant to 29 C.F.R. §2560.503-

1(h)(1), Defendant, therefore, functioned as an administrator for claims procedure purposes.

## Facts

7. On all relevant dates, Plaintiff, Frank E. Zimmerman III, was employed full-time by CG Automation & Fixture, Inc. as a Special Machine Builder until his last day worked on February 25, 2015.

8. The Plaintiff's diagnosed medical conditions are as follows:

    - Severe bilateral occipital neuralgia;
    - Chronic migraine cephalgia with visual and sensory aura;
    - Recurrent falls;
    - Lumbago;
    - Sciatica;
    - Chronic pain syndrome;
    - Chronic low back pain;
    - Degenerative disc disease cervical spine;
    - Degenerative disc disease lumbar spine;
    - L5-S1 retrolisthesis;
    - L5-S1 foraminal stenosis;
    - S1 radiculopathy right leg and buttocks;
    - Failed back syndrome;
    - Syncope cardiogenic;
    - Cervical dystonia;
    - Status post transient ischemic attack;
    - Borderline Chiari I malformation;
    - Diagnosed Spina Bifida at age 16;
    - Restless legs syndrome;
    - Obstructive sleep apnea on CPAP;
    - Anxiety and depression due to disabling physical conditions.

9. As a result of the above-described medical conditions, Plaintiff continues to have chronic and severe neck and low back pain, headaches, dizziness, numbness in his feet,

lightheadedness, and shoulder pain. The Plaintiff falls down several times a week, and he does not get any type of a warning before he falls to the ground. The Plaintiff has undergone medication treatment with narcotics, caudal epidural steroid injections, lumbar facet injections, Botox injections, occipital nerve blocks, and surgery – all to no avail.

10. As a result of these medical conditions and the overflow of symptomatology, Plaintiff's last day of work was on February 25, 2015.

11. In accordance with his employment contract, the Plaintiff applied for long term disability benefits through Lincoln National Life Insurance Company, and the Plaintiff's initial claim was denied on December 21, 2015. The Defendant's denial letter stated in part,

> In summary, the medical documentation contained in your claim file does not support Total Disability as defined by this policy. The medical records document you have chronic headaches with history of falls without any neurophysiologic basis. Your diagnosis was made by reported symptoms of headaches and falls, exam findings of cervical axial pain with range of motion and lack of diagnostically greater occipital nerve blocks. There is no impairment associated with this diagnosis without any pertinent exam findings or diagnostic testing. Therefore, benefits are being denied.

12. Benefits were denied by Defendant based on a December 16, 2015 medical file review by Dr. Akhil Chhatre, who did not complete a physical assessment of the Plaintiff, and in which his report stated in part,

> The claimant has chronic headaches with history of falls without any neurophysiologic basis. This diagnosis is supported by the reported symptoms of headaches and falls, exam findings of cervical axial pain with ROM and lack of diagnostically positive GON blocks. There is no impairment associated with this diagnoses without any pertinent exam findings or diagnostic testing. * * *
>
> From 2/25/15 onwards the claimant can work in a full time capacity without restrictions. This is based on the lack of impairment supported based on the medical evidence provided to me.

13. On January 14, 2016, on the behalf of the Plaintiff, the Plaintiff's wife filed an appeal of the the denial of his long term disability benefits, providing additional medical records, and stating in part,

> You can certainly see in his paperwork that he has been suffering for a long time, and up until last year has done everything in his power to get better so that he could work. He has gone to numerous doctors for additional opinions, he went through a 4 month therapy program, which was quite grueling for him, and quite costly I might add, as we had to pay for it all out of pocket, even though he wasn't bringing in any income. My husband is 45 years old and in no way does he want to be disabled for the rest of his life. However, due to his many conditions he may have to learn to live with that fact. I would say that fact is very hard for both of us to deal with and have been counseled on it through the Mary Free Bed program. They have told him that he needs to accept this and that is very difficult.

14. As part of the Plaintiff's appeal of the claim denial, correspondence was included from two of his attending physicians, Dr. Michael Grof and Dr. James Hudson, and which stated in part,

> **January 13, 2016 – Dr. Michael Grof**
> Frank comes in to the office today wanting me to help him with some long term disability needs. He has been having so much trouble at work that he cannot work more than two hours because his headache builds up so bad. His headache is constant. He went through the Mary Free Bed Clinic and they detoxed him from everything for over a month and he only feels worse than he ever did before.
>
> He has severe bilateral occipital neuralgia but Botox has not really helped him in the past. I do believe the type of work he does aggravates his condition so I will agree with long term disability at this point for that job.
>
> **January 18, 2016 – Dr. James Hudson**
> The patient's complaints included daily headaches, chronic low back pain and recurrent falls. During this time the patient participated in clinic based therapies and performed home exercise programs. He followed all of my recommendations in terms of eliminating medications with the hope that this would result in both the reduction of the headaches and elimination of his recurrent falls.
>
> Unfortunately, the patient continued to have daily headaches and frequent falls occurring at least 3 times per week. I have included my last visit note from December 17, 2015, which documents my perception of the patient's disability. I did speak with a physician representing Lincoln Financial Group at which time we discussed Mr. Zimmerman's disability. To the best of my knowledge the patient was not using an assistive device for walking and he can do sedentary work; however the patient is restricted from driving as he has no warning these episodes of falling and I do not believe he would be safe in a factory environment when he could fall at any time. Therefore, I believe he is completely disabled from work in his occupation and practically speaking I do not believe he is employable because of his recurrent falls.
>
> Although there are no neurologic deficits or abnormal findings to explain his falls or headaches this is not proof that they do not occur. The patient underwent psychological testing as part of his program and saw a pain psychologist once or twice weekly throughout the program and the patient's presentations was not felt to be consistent with malingering.

15. On April 12, 2016, the Defendant reversed its decision to deny the Plaintiff long term disability benefits, and the Plaintiff's benefits became retroactively effective starting from August 24, 2015.

16. Defendant's decision to grant benefits was based in part on a March 23, 2016 medical file review by Dr. Rajat Gupta, and in which his report stated in part,

    > The claimant is impaired in his ability to function safely in certain activities and environments. * * *
    >
    > The claimant has [ ] an established diagnosis of occipital neuralgia (ON), right greater than left, resulting in chronic daily headaches. This diagnosis of ON has been confirmed by temporary responses to multiple occipital nerve blocks performed by Dr. Grof over several years. The severity of this continuous head pain ranges from mild to occasionally severe. * * *
    >
    > He also has a chronic right lumbosacral radiculopathy, as evidenced by exam findings as well as EMG studies… This chronic pain, however, can reasonably be expected to limit his capacity to perform certain activities.
    >
    > His episodic falls are without clear etiology, and are suspected to represent a functional (non-organic) disorder. However, out of an abundance of precaution, it would be reasonable to put in place certain environmental limitations in order to reduce risk of injury to the claimant and/or those that may be in his vicinity.

17. The following year, on April 6, 2017, the Defendant notified the Plaintiff that the LTD benefits would be terminated on August 24, 2017, on the basis of the following decision:

    > The Own Occupation period for this claim will end on 08/24/17. After a thorough review of the information currently contained in your claim file, we have determined you are capable of performing work in other occupations. * * *
    >
    > An internal review of your available medical records was completed 01/25/17. The determination was the medical records available did not show any significant functional change since the prior external physician review was completed by Dr. Gupta on 03/26/2016. Therefore the functional impairments noted from the 03/26/16 external review were still considered medically reasonable. * * *
    >
    > In summary, it is our determination that based upon your age, education, training, past work experience and your current abilities that you are not prevented from performing work in other occupations, even if you can no longer perform your Own Occupation. Therefore, you no longer meet the definition of disability in this policy and benefits will be denied as of 08/24/2017.

18. According to the Defendant's April 6, 2017 letter, the most recent medical record available for to the Defendant for review was an Abilities Form from Dr. Philip Gaca, dated on

December 1, 2016. This form was nearly nine months prior to the "Any Occupation Period", which would begin on August 24, 2017. However, the Defendant relied upon a multitude of records from between 2015 and 2016 as the basis to pre-disqualify the Plaintiff from LTD benefits from August 24, 2017 and onward, a period of time in the future for which the Defendant had no possible way of knowing what the medical condition of the Plaintiff would be.

19. The Plaintiff's benefits were also denied by Defendant based in part on the previous December 16, 2015 medical file review by Dr. Akhil Chhatre (see Paragraph 12 above), as well as the previous March 23, 2016 medical file review completed by Dr. Rajat Gupta, MD, (see Paragraph 16 above), both of which had not physically examined the Plaintiff.

20. Benefits were also denied by Defendant based in part on an April 21, 2016 Functional Capacity Evaluation completed by Sakari Perttula, PT, in which his reported stated in part,

> During the four hour testing and test data analysis, the following summary of test results was found:
>
> Lumbo-sacral pain, hx of laminectomy and fusion, poor posture, disturbed gait, mm weakness, poor endurance/de-conditioning, hyposensitivity of the right calf, Hx of poor balance-falls 2-3 x/week.
>
> Mr. Zimmerman is unable to return to work in his capacity as a die-maker on a full-time basis at this time. This is primarily due to his inability to lift more than 50 pounds, perform low-level work (crouching, bending or stooping) on a frequent basis, poor balance, and his inability to stand (30-60 mins) while operating the equipment.
>
> Mr. Zimmerman handling skills and coordination using medium heavyweights are good using both arm/hand, performed in sitting position and in dynamic standing. Mr. Zimmerman is most likely not returning to his previous job as a die-maker, he is applying [for] SSDA. * * *
>
> Mr. Zimmerman's tolerance to dynamic sitting is 60 minutes, dynamic standing 30-60 minutes, standing 30 minutes, and walking 30-60 minutes, sitting with ability to change positions as needed and walking on his own pace. * * *
>
> Cardiovascular test did not challenge the cardiovascular system, the test was pain restricted. * * *
>
> Mr. Zimmerman tested in the McGill to poor psycho-dynamics.

        This Functional Capacity Evaluation was completed nine days after the Defendant approved the Plaintiff for LTD benefits, and more than 16 months prior to the end of the "Own Occupation Period".

21. Benefits were also denied by Defendant based on a January 25, 2017 Claim File Review by an unnamed internal employee of the Defendant. As stated in part in the April 6, 2017 denial letter,

> An internal review of your available medical documentation was completed 01/25/17. The determination was the medical records available did not show any significant functional change since the prior external physician review was completed by Dr. Gupta on 03/26/16. Therefore the functional impairments noted from the 03/26/16 external physician review were still considered medically reasonable.

It is worth noting once again, this review was completed with records from the period between 2015 and 2016, and were used to proactively terminate the Plaintiff's LTD benefits at a future date of August 24, 2017, a period of time for which it was impossible for the Defendant to be able to determine the disability status of the Plaintiff.

22. On September 28, 2017, the undersigned appealed the termination of the Plaintiff's LTD benefits, and provided a multitude of additional medical records.

23. Included as part of the Plaintiff's appeal was a "Physician Statement of Disability" dated September 27, 2017 from Dr. Phillip Gaca, an Osteopathic Medicine physician, and which stated in part:

> I am Frank Zimmerman's primary care physician providing general medicine care and treatment. * * *
>
> Mr. Zimmerman has complaints of chronic and severe neck and low back pain, headaches, dizziness, numbness in his feet, lightheadedness, [and] shoulder pain. Mr. Zimmerman falls down several times a week. These falls are recurrent and he does not get any type of warning before he falls to the ground. * * *
>
> On multiple occasions, I have had the opportunity to observe Mr. Zimmerman in a clinical setting and it is my professional, medical opinion that, without question, he is totally and permanently disabled from his own occupation as a Special Machine Builder and from any and all other full-time occupations at this time.

24. Also included as part of the Plaintiff's appeal was a "Physician Statement of Disability" from Dr. James Hudson, MD, dated September 27, 2017, and which stated in part:

> I provided medical care for Mr. Frank Zimmerman in a comprehensive pain rehabilitation program between June 22, 2015 and October 21, 2015. Since his discharge from that program I have seen him on 3 occasions, the last of which was November 17, 2016. My working diagnoses for this patient were; Chronic Daily Headache (ICD10-CM G44.221), Falling episodes (ICD10-CM R29.6), Adjustment Reaction with mixed emotional features (ICD10-CM F43.22), Low back pain radiating to left leg (ICD10-CM M54.5). The patient demonstrated limited improvement under my care and he was released to seek care from other physicians following my treatment. * * *
>
> Mr. Zimmerman had complaints of chronic and severe neck and low back pain, headaches, dizziness, numbness in his feet, lightheadedness and shoulder pain. He was falling several times a week. These falls were recurrent and occurred without warning. To my knowledge the patient has been unable to find relief of his pain and has continued to have recurrent falls despite receiving treatment from multiple physicians.* * *
>
> I am also aware that Mr. Zimmerman applied for long term disability benefits through the Lincoln National Insurance Company and that their peer review physician, Dr. Gupta also provided me with a copy of his March 2016 report to which I hand wrote the following message: "The restrictions listed are attainable by this patient but his recurrent falls represent a liability for any employer and I am not comfortable releasing him to work as long as they are not controlled."

25. On November 7, 2017, Defendant advised that they were maintaining their decision to deny LTD benefits, stating in part,

> Based on the information provided, we have determined that we are unable to approve benefits beyond 08/24/2017. * * *
>
> Your client's entire file was reviewed upon appeal. Disability must be supported from 08/24/2017 forward, which will be the focus of our determination.
>
> We understand that your client has been diagnosed with several conditions including but not limited to headaches, lumbar radiculitis, occipital neuralgia, loss of balance, cataracts, RLS, OSA, sciatica, lumbar DDD, cervical DDD, status post-TIA, foraminal stenosis, lumbago, cervical dystonia and chronic pain syndrome. However, our review of the medical documentation, which included consultation with and/or review of a written report from a Board Certified physician, does not support restrictions and limitations that would render your client unable to perform each of the main duties of any gainful occupation that he has the training, education and experience to perform beyond 08/24/2017. * * *

26. The Defendant's decision to uphold the previous denial of benefits was also based in part on a Medical File Review by Dr. Krishna Padiyar, MD, who stated in part in his October

30, 2017 report that "*[w]ith a lack of documented clinical findings since 3/29/2017, there are no recommended functional limitations or medically appropriate restrictions from 8/24/2017 onward*".

27. Dr. Padiyar's recommendation is based on a false requirement for "documented clinical findings" in a more recent and unspecified timeframe. However, this is not a requirement of the policy, and the Plaintiff's medical conditions have already been well-documented and continuously attested to by his attending physicians. Additionally, the March 29, 2017 clinical findings that were available to Dr. Padiyar are from only one week prior to the Defendant terminating the Plaintiff's LTD benefits, on April 6, 2017.

28. On January 25, 2018, the undersigned submitted a second appeal of the termination of the Plaintiff's LTD benefits, providing additional medical records, as well as a Vocational Rehabilitation Evaluation by Dr. Robert Ancell. As stated in his January 19, 2018 report, Dr. Ancell stated in part,

> Mr. Zimmerman indicated that he has continued to fall three times per week. He suddenly goes down on an unpredictable basis for no reason. It takes some time for him to recuperate and get on his feet. He has an appointment scheduled in the Headache Clinic at U of M in May 2018. It has been recommended that he get Botox injections, but he cannot afford the injections.
>
> His current medications include Cymbalta, Baclofen, a Fentanyl patch 25 mcg every three days, Percocet 10/325 mg four times a day and Gabapentin. * * *
>
> Vocationally, Mr. Zimmerman worked as a machine builder and die maker for CG Automation. He has not worked for about four years since February 2014. The reason being he was falling down and he injured his thumb on a grinder. He can't interface with ladders or in dangerous situations. He has always done mold work, die work or oriental iron since he has been a teenager. * * *
>
> His primary symptoms as he describes them are that he is continuing to fall. He has headaches that never go away. The symptoms include nausea, vice like pounding headaches that require him to lay down in a dark room. He also indicates that in the summer time it is worse and any sunlight on the back of his neck tends to increase his symptoms. * * *
>
> Therefore, it is my professional opinion based on the medical records from his treatment doctors and the fact that there is a flaw in the methodology used to cite residual employment. Given he is on major narcotic medication and he has not

10

        been released to work by his treating doctor, there are no jobs that exist that Mr. Zimmerman can perform.

29. On April 23, 2018, Defendant advised that it was upholding its decision to terminate the Plaintiff's LTD benefits. The decision to uphold the previous termination of benefits was based on a medical file review completed by Lynn Sucha, RN, a Nurse Disability Consultant. The letter stated in part,

> We have completed our review of your client's Long Term Disability appeal. Based on the information provided, we have determined that we are unable to approve benefits beyond 08/24/2017. In our appeal review process, all information previously submitted as well as any new documentation was used to make a determination. * * *
>
> However, our review of the medical documentation, which included consultation with and/or review of a written report from a health care consultant, did not support that your client was Totally Disabled beyond 08/24/2017. We therefore find that your client is no longer Totally Disabled under the terms of the policy.

30. In the April 23, 2018 appeal denial letter, the Defendant also advised that "*[y]ou and your client have exhausted all rights of appeal, and your client's administrative file is now closed*" and that the Plaintiff had "*the right to pursue litigation*".

31. As a result of his inability to return to work - in any capacity - the Plaintiff applied for and has been granted Social Security Disability ("SSD") benefits.

32. As a result of the aforementioned wrongful action, Plaintiff's group waiver of life premium may have also been wrongfully denied by operation of the decision to terminate disability benefits.

**COUNT I**
**Claim for Benefits Pursuant to ERISA §502(a)(1)(B),**
**29 U.S.C. 1132(a)(1)(B) against Defendant**

33. Plaintiff incorporates paragraphs 1 through 32 above as if fully restated herein.

34. ERISA §502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan and/or to clarify his rights to future benefits under the terms of a plan.

11

35. The failure to pay full disability benefits as described above are in direct violation of the terms of the Plan.

36. The Plan has failed to pay disability benefits to Plaintiff despite the recommendations of his physicians and disabling medical conditions.

37. The failure and refusal of the Plan to pay the benefits owed Plaintiff under the Plan is a breach of the terms and provisions of the Plan.

38. In addition, the Plan has failed to properly and thoroughly investigate Plaintiff's claim in the manner required by ERISA's fiduciary and claims procedure requirements.

39. The actions of the Plan have caused damage to Plaintiff in the form of the denial of long term disability benefits.

40. In addition, because the Plan denied the payment of Plaintiff's long term disability benefits, Plaintiff became ineligible for other benefits provided through his employment such as pension, medical benefits, and the waiver of group life insurance premiums.

**PRAYER FOR RELIEF**

Plaintiff requests that this Honorable Court grant the following relief:

A. A declaratory judgment pursuant to ERISA §502(a)(1)(B), 29 U.S.C. 1132 (a)(1)(B) and 28 U.S.C. 2201, declaring that Plaintiff is entitled to the group employee benefits in the proper amounts as set forth in the Plan in effect at the time benefits became payable and that Defendant has violated the Plan and its fiduciary duties by failing to pay these benefits and honor the group waiver of life premium.

B. A full and accurate accounting by Defendant of all computations for Plaintiff's employee benefits, in sufficient detail so that Plaintiff may ascertain that his benefits are being paid in the proper amount.

C. An Order compelling Defendant to pay Plaintiff forthwith the full amount of employee benefits due him and to continue such payments for the period set forth in the Plan, including interest on all unpaid benefits.

D. An Order awarding reasonable attorney fees and costs pursuant to ERISA §502(g)(1), 29 U.S.C. 1132 (g)(1).

E.      Such other relief as may be just and appropriate.

Dated:  February 8, 2019                       */s/ Troy W. Haney*
                                                    Troy W. Haney (P48614)
                                                    Haney Law Office, P.C.
                                                    Attorney for Plaintiff
                                                    330 East Fulton Street
                                                    Grand Rapids, 49503